900 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald LOCKLEAR, Defendant-Appellant.
 No. 89-5579.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 7, 1990.
Decided: April 2, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Chief District Judge. (CR-88-177-C)
 William D. Acton, Jr., Griffin, Acton and Combs, Charlotte, N.C., for appellant.
 Thomas J. Ashcraft, United States Attorney, Charlotte, N.C.; Deborah Watson, United States Department of Justice, Washington, D.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Reginald Locklear appeals his conviction following a jury trial in the United States District Court for the Western District of North Carolina for conspiracy to possess in excess of 500 grams of cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 846. Locklear contends that he is entitled to a downward adjustment under U.S.S.G. Sec. 3B1.2 on the ground that he was a minimal or minor participant. Our review of the record discloses that this appeal is without merit.
 
 
 2
 The district court rejected Locklear's characterization of himself as merely a courier who drove co-conspirator Charles Hunt to Charlotte, North Carolina, where Hunt and others consummated a narcotics sale. The court's conclusion that Locklear was more than a minimal or minor participant in the transaction at issue here is amply supported by the record. For example, the state's evidence tended to show that when Hunt and Locklear arrived in Charlotte, Locklear was in possession of the cocaine, worth $30,000, and that he participated in conversations as to how the sale of the drug would be carried out. On the facts of this record we cannot say that the district court's conclusion that Locklear did not merit a Role in the Offense adjustment is clearly erroneous. See United States v. White, 875 F.2d 427, 433-34 (4th Cir.1989); United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir.1989). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED